UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMY BAHAMA GROUP, INC.

    Plaintiff,

    v.

RICHARD SEXTON

    Defendant.
_____/

No. C 07-06360  EDL

**ORDER DENYING REQUESTS FOR STAY OF JUDGMENT WITHOUT PREJUDICE**

On December 10, 2009, judgment was entered against pro se Defendant in this matter and the case was terminated. Thereafter, Defendant appealed this Court's decision and filed a "Request for Stay of Judgment Re: Counterclaims" and a "Request for Stay of Judgment Re: Infringement." Because the case was terminated, Defendant did not submit a chambers copy of either request, and Plaintiff did not oppose or otherwise respond to the requests, the Court was unaware of their pendency until now.

The Ninth Circuit has treated the standard for determining whether a stay pending appeal should be granted as the same as a preliminary injunction.  See Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008). Until recently, the Ninth Circuit articulated "two interrelated tests" for whether to stay a judgment pending appeal as follows: "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." Id. (internal citations omitted). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that

1  the balance of hardships tips sharply in its favor." Id. at 1116 (inner citations omitted).  These tests
2  "represent two points on a sliding scale" where "the required degree of irreparable harm increases as
3  the probability of success decreases." Id.

4  However, the Supreme Court has recently overturned a portion of this standard, and required
5  a plaintiff seeking a preliminary injunction to show "he is likely to succeed on the merits, that he is
6  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
7  in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council,
8  Inc., 129 S.Ct. 365, 374 (2008) (citations omitted).  Winter overturned a Ninth Circuit case where
9  the injunction had been issued based solely on a "possibility" of irreparable harm, and the Ninth
10 Circuit has recently clarified that cases suggesting this lesser "possibility" standard for irreparable
11 harm are no longer good law.  See Am. Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d
12 1046, 1052 (9th Cir. 2009).  However, following Winter, the Ninth Circuit has confirmed that the
13 "'serious questions' version of the sliding scale test for preliminary injunctions remains viable." See
14 Alliance for the Wild Rockies v. Cottrell, – F.3d – , 2010 WL 2926463, *7 (9th Cir. July 28, 2010).
15 "[A] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions
16 going to the merits were raised and the balance of hardships tips sharply in the [movant's] favor," so
17 long as the other Winter factors, including likelihood of irreparable harm, are also satisfied.  Id.

18 Neither test is satisfied here, because Defendant's requests simply ask for a stay without
19 explanation, and do not address any of the standards stated above.  Therefore, Defendant's requests
20 for a stay of judgment are DENIED WITHOUT PREJUDICE.  If Defendant re-files his requests, he
21 shall address the appropriate standards in his moving papers.

23 IT IS SO ORDERED.

25 Dated: August 2, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge